IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| COURTNEY ANN ALTEMUS, <br><br> Plaintiff, <br><br> v. <br><br> BLAKEY FAMILY LAND, LLC <br><br> Defendant. | Civil Action No.  3:22CV00040 |

## COMPLAINT

Plaintiff Courtney Ann Altemus, by counsel, respectfully states the following as her Complaint in this action:

### Jurisdiction and Venue

1. The amount in controversy in this action exceeds $75,000.00, the Plaintiff is a resident of the Commonwealth of Pennsylvania, and the Defendant is a Virginia limited liability company. Jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).

2. The Defendant's registered office is located in the city of Charlottesville and venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(d).

### Parties

3. Plaintiff, Courtney Ann Altemus ("Plaintiff" or "Altemus"), is a natural person over the age of eighteen and a resident of the Commonwealth of Pennsylvania.

4.     Defendant Blakey Family Land, LLC ("Blakey"), is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its registered office in the City of Charlottesville, Virginia.

Facts

5.     In 2015 Arthur Blakey, Jr., and others filed a partition suit in the Rockingham County (Virginia) Circuit Court seeking to partition certain real estate consisting of two parcels located in McGaheysville (the "Property").

6.     In 2018, after the partition suit had languished for some time, Blakey Family Land, LLC, was formed by John V. Little, then an attorney with the law firm of MichieHamlett, for the purpose of acquiring the Property that was the subject of the partition suit.

7.     By order of the Rockingham Circuit Court dated February 28, 2020, and amended June 18, 2020, Edward Lowry, another attorney at MichieHamlett, and Bradley Moyers were appointed as special commissioners to handle the sale of the Property.

8.     On June 26, 2020, a deed was prepared, and signed by Mr. Moyers, whereby the special commissioners in the partition suit conveyed the Property to Blakey.[1] A copy of the deed is attached hereto as **Exhibit A**.

9.     Prior to July 2020, Ralph Sampson, Jr. ("Sampson"), a former University of Virginia and National Basketball Association basketball player, and Altemus, the principal of TeamAltemus, LLC, a provider of financial education services for athletes, were acquainted professionally.

10.    During the summer of 2020, Sampson approached Altemus and requested that she provide a loan of $560,000.00 in order to acquire the Property, which he referred to as the "family

---

[1] Mr. Lowry, the other special commissioner, did not sign the deed until July 9, 2020, the date that closing apparently took place.

farm." Sampson told Altemus that a family member had filed a partition suit in state court and that the remaining family members lacked sufficient funds to purchase the Property from the petitioning co-owners.

11. Sampson represented that he had formed an entity, Winner's Circle Ventures, LLC ("WCV"), to acquire the Property and Sampson requested that Altemus loan the funds to WCV to fund the acquisition. Sampson did not inform Altemus about the formation of Blakey or the fact that Blakey would be the entity acquiring the Property.

12. On July 2, 2020, Altemus as lender, and Sampson, purporting to act on behalf of WCV as borrower, executed a promissory note (the "Promissory Note") in the amount of $560,000.00 (the "Loan"). The Loan was to be repaid by September 30, 2020.

13. Though it was unknown to Altemus at the time, Sampson had not in fact organized WCV, nor did he do so at any point thereafter.

14. The same day, Sampson emailed Altemus from the email address rsampson@wcventure.com, with a subject line "WCV/Farm Project wiring instruction," providing instructions for wiring the Loan funds. A copy of this email is attached hereto as **Exhibit B**.

15. The receiving account referenced in the wiring instructions, which were included in an attachment to the email, was not an account of WCV, nor was it an account for Sampson himself. Instead, the receiving account was the fiduciary account of MichieHamlett.

16. The deed was recorded on July 9, 2020, after Altemus had wired the Loan proceeds to MichieHamlett's fiduciary account.

17. Because WCV was never formed, and therefore never ratified and adopted Sampson's actions, the Loan was effectively made to Sampson in his individual capacity.

18. Sampson directed MichieHamlett to use the Loan proceeds to fund the acquisition of the Property by Blakey.

19. Sampson did not on July 2, 2020, or thereafter, have any ownership interest in Blakey, nor did he have, or thereafter acquire, any interest in the Property, and he did not receive anything of value, and certainly nothing of reasonably equivalent value, for his transfer of the Loan proceeds to Blakey.

20. The Promissory Note was due and payable on September 30, 2020. However, despite repeated demands by Altemus, no payments were ever made on the Promissory Note.

21. On October 26, 2021, Altemus filed suit against WCV and Sampson in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania Litigation"). Though Sampson was personally served, and communicated with Altemus regarding the suit, neither he nor WCV responded formally to the Pennsylvania Litigation and on January 28, 2022, default judgment (the "Federal Judgment") was entered against both defendants. A copy of this judgment is attached hereto as **Exhibit C**.

22. Altemus domesticated the Federal Judgment in the Albemarle County Circuit Court and Sampson was summonsed to appear to answer debtor interrogatories. Based upon statements made by Sampson during his interrogatories it is evident that Sampson does not have assets from which the Loan can be repaid and that he has been insolvent for some time.

### COUNT I – FRAUDULENT CONVEYANCE - VA. CODE ANN. § 55.1-400

23. The foregoing allegations are realleged hereby.

24. Under Va. Code Ann. § 55.1-400, every "gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal … given with intent to delay, hinder, or defraud creditors … shall, as to such creditors … be void."

25. The total lack, or gross inadequacy, of consideration for a transfer is a "badge of fraud" from which a court may conclude that the requisite fraudulent intent has been shown. *Fox Rest Associates v. Little*, 717 S.E.2d 126, 132 (Va. 2011).

26. When the fraudulent transfer is of cash, the creditor is entitled to judgment against the transferee. *Grayson v. Westwood Buildings*, 859 S.E.2d 651, 666 (Va. 2021); *Price v. Hawkins*, 439 S.E.2d 382, 385-86 (Va. 1994).

27. Sampson's transfer of the Loan proceeds to Blakey was a fraudulent conveyance performed with the intent to defraud, hinder, or delay Altemus in collection of the sums due under the Promissory Note. Sampson obtained the Loan proceeds by deliberately being untruthful with Altemus, telling her that WCV had been formed to acquire the Property and that it would be able to repay the Promissory Note promptly despite his knowledge that (a) WCV had not been formed and Altemus would, as a result, have no claim against the Property based on the Promissory Note, (b) he had no intention of ever forming WCV, (c) neither he nor the non-existent WCV would be able to repay the Promissory Note by its maturity date, and (d) the Property had been acquired by a different entity. Sampson indicated during his interrogatories that he received no consideration from Blakey for the transfer of the funds and that he has no interest in Blakey or in the Property.

28. The transfer of the Loan proceeds by Sampson to Blakey was a fraudulent conveyance of cash and is therefore void as to Altemus. Though such knowledge is not a perquisite to a judgment against the transferee where the transfer is of cash, Blakey is held to the knowledge of its agent, MichieHamlett, regarding the source of the funds that it received to acquire the Property and it is therefore not a good faith purchaser for value without knowledge of any impropriety. For these reasons Altemus is entitled to a judgment against Blakey.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against Blakey, in the principal amount of $560,000.00, with interest thereon at the rate of 6.25% per year from July 2, 2020, until paid, that the Plaintiff recover her costs incurred herein, including her reasonable attorney's fees pursuant to Va. Code. Ann. § 55.1-403, and that she be awarded such additional relief as the Court deems proper.

### COUNT II – VOLUNTARY CONVEYANCE - VA. CODE ANN. § 55.1-401

29. The foregoing allegations are realleged hereby.

30. Under Va. Code Ann. § 55.1-401, every "gift, conveyance, assignment, transfer, or charge that is not upon consideration deemed valuable in law … by an insolvent transferor or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts were contracted at the time such gift, conveyance, assignment, transfer, or charge was made…."

31. Sampson received no consideration deemed valuable in law for the transfer of the Loan proceeds to Blakey.

32. At the time that Sampson transferred the Loan proceeds to Blakey he was insolvent or, if not then insolvent, he was rendered insolvent thereby as he had no ability to repay an obligation the magnitude of the Promissory Note if he did not retain the Loan proceeds or receive adequate consideration for the transfer.

33. The transfer of the Loan proceeds by Sampson to Blakey was a voluntary conveyance of cash and is therefore void as to Altemus and Altemus is entitled to a judgment against Blakey as the voluntary transferee of these funds. *See Grayson*, 859 S.E.2d at 666.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against Blakey, in the principal amount of $560,000.00, with interest there on at the rate of 6.25% per year from July 2, 2020, until paid, that the Plaintiff recover her costs incurred

herein, including her reasonable attorney's fees pursuant to Va. Code. Ann. § 55.1-403, and that she be awarded such additional relief as the Court deems proper.

## **COUNT III – CONSTRUCTIVE TRUST**

34. The foregoing allegations are realleged hereby.

35. Under Virginia law, constructive trusts arise, independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has the legal estate, in order to prevent what otherwise would be a fraud. They occur not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit. *Richardson v. Richardson*, 409 S.E.2d 148, 150 (1991). The inquiry is focused on whether the holder of title has been unjustly enriched. *Id*.

36. In the Pennsylvania Litigation the court found in favor of Altemus and against Sampson on her unjust enrichment claim.

37. Blakey acquired the Property with the very funds with which the United States District Court for the Eastern District of Pennsylvania found that Sampson had unjustly enriched himself, likely with full knowledge itself, and at a minimum with the full knowledge of its agent, of the source of those funds and of Sampson's inability to repay them. Blakey provided no consideration to Sampson for its receipt of the funds that Sampson unjustly obtained from Altemus.

38. It would be contrary to the principles of equity for the Defendant to retain the Property under these circumstances.

WHEREFORE, the Plaintiff respectfully requests that a constructive trust, in favor of the Plaintiff, be imposed on Blakey's interest in the Property, and that said trust remain in effect until such time as all amounts due to the Plaintiff have been paid in full.

Respectfully submitted,

COURTNEY ANN ALTEMUS,

by counsel.


**/S/ Neal L. Walters**
Neal L. Walters, Esq. (VSB No. 32048)
William J. Johnson, Esq. (VSB No. 93899)
Scott│Kroner PLC
418 East Water Street
P.O. Box 2737
Charlottesville, VA 22902
(434) 296-2161
(434) 293-2073 (fax)
nwalters@scottkroner.com
wjohnson@scottkroner.com

Counsel for the Plaintiff.

\\skserv\Share\Client Files\Altemus, Courtney Ann\Litigation\Blakey Family Land LLC Litigation\2022-07-20 Complaint v Blakey Family Land -FINAL.docx