IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| COURTNEY ANN ALTEMUS, | ) | |
|     Plaintiff, | ) | Civil Action No. 3:22cv40 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BLAKEY FAMILY LAND, LLC, | ) | By:   Joel C. Hoppe |
|     Defendant. | ) |        United States Magistrate Judge |

This matter is before the Court on Plaintiff's motion to enter Defendant's default, ECF No. 22 (citing Fed. R. Civ. P. 55(a)) (Nov. 22, 2022), and Defendant's belated motion to extend its time for answering the amended complaint, ECF No. 23 (citing Fed. R. Civ. P. 6(b)(1)(B)) (Nov. 23, 2022). Defendant filed its Answer on November 23, 2022, *see* ECF No. 24, one day after its deadline expired under Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure. *See* ECF No. 22 (citing Oral Order of Nov. 7, 2022, ECF No. 21; Fed. R. Civ. P. 12(a)(4)(A)). The Clerk has not entered Defendant's default on the docket. Plaintiff opposes Defendant's request for extension of time. ECF No. 26.

The Court held a hearing with the parties on January 3, 2023. For the reasons stated on the record during that hearing, it is hereby ORDERED that:

1. Defendant's motion for extension of time, ECF No. 23, is GRANTED. Counsel has shown excusable neglect for his minor scheduling error and short delay, Fed. R. Civ. P. 6(b)(1)(B)); *see* Min. Entry & Oral Order of Nov. 7, 2022, ECF Nos. 20, 21, and there is good cause to extend Defendant's filing deadline by one day, *see* Fed. R. Civ. P. 6(b)(1)(A). Defendant's Answer to the Amended Complaint filed on November 23, 2022, ECF No. 24, is deemed timely filed.

1

2. Plaintiff's motion for entry of default, ECF No. 22, is DENIED as moot because Defendant's Answer, ECF No. 24, is deemed timely filed. Alternatively, even if the Clerk had entered Defendant's default on the docket, the Court would find good cause to set aside such default under Rule 55(c). Defendant's counsel's scheduling error was not unreasonable under the circumstances; Defendant's counsel acted promptly to correct his error and there is no history of dilatory action; the parties are engaged in discovery and requiring them to continue litigating the case will not prejudice Plaintiff; and Defendant's motion to dismiss the Amended Complaint raised potentially meritorious defenses to the claims and allegations at issue. *See generally Colleton Preparatory Acad. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

It is so ORDERED.

The Clerk shall deliver a copy of this Order to the parties.

ENTERED: January 3, 2023

Joel C. Hoppe
United States Magistrate Judge